UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PARAMOUNT BANK, | ) |
|    Plaintiff(s), | ) ) ) |
| v. | )   Case No.  4:21-cv-01284-SRC |
| JUSTIN HOMINSKY, | ) ) ) |
|    Defendant(s). | ) ) |

**Memorandum and Order**

Paramount Bank hired Justin Hominsky as a loan officer.  As part of his employment contract, Hominsky agreed that if he left Paramount, he would not solicit his former co-workers to leave nor solicit them to join another company.  Hominsky resigned from Paramount this past fall and took a similar position with another lending company.  Paramount claims that Hominsky breached their contract by soliciting Paramount employees to join him at the other lender; so, Paramount filed this lawsuit and sought a temporary restraining order.  Though before the Court heard the TRO, the parties stipulated to the entry of two court orders requiring Hominsky to, among other things, comply with the no-solicitation term of the contract.  Hominsky then moved to compel arbitration.

**I.     Background**

Hominsky signed an employment contract with Paramount and began work in May 2019. Doc. 1-1; Doc. 28 at p. 2.  This contract set out the terms of the parties' employer-employee relationship, including that:

> [Hominsky] agrees that during his[ ] employment with [Paramount] and for a period of twelve (12) months after the cessation his[ ] employment with [Paramount], [Hominsky] will not on behalf of himself[ ] or on behalf of any other individual, organization, or entity, directly or indirectly solicit any of the Bank's employees

with whom [Hominsky] worked in the six (6) months preceding [Hominsky]'s cessation of employment, to leave [Paramount] or form or join another organization or entity.

Doc. 1-1 at p. 5.

After Hominsky resigned, Paramount alleges that he breached this portion of the employment contract by soliciting Paramount employees to join him at another company. Doc. 1 at ¶¶ 5, 27. Paramount sued Hominsky and immediately sought temporary injunctive relief. Docs. 4, 5, 8. After entry of the second agreed order mentioned above, Hominsky moved to compel arbitration, Doc. 24, invoking the arbitration clause contained in the employment agreement:

> . . . In the event of any dispute between the Parties concerning or arising out of their employment relationship or this Agreement, the Parties agree that such dispute shall be resolved through binding arbitration in accordance with the rules of AAA Arbitration. . . Notwithstanding any AAA rule to the contrary, the parties will share equally in the cost of such Arbitration, and shall be responsible for their own attorneys' fees, provided that if the Arbitration is brought pursuant to any statutory claim for which attorneys' fees were expressly recoverable, the Arbitrator shall award such attorneys' fees and costs consistent with the statute at issue. . .
>
> The arbitrator, and not any federal, state or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Section IX including, but not limited to any claim that all or any part of this Section IX is void or voidable.
>
> Nothing herein shall preclude a party from seeking temporary injunctive relief in a court of competent jurisdiction to prevent irreparable harm, pending any ruling obtained through arbitration. . .

Doc. 1-1 at pp. 6–7.

## II.   Standard

"Arbitration agreements are governed by the Federal Arbitration Act ("FAA")." *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001). The FAA mandates broad enforcement of arbitration provisions:

2

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

The FAA establishes a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Accordingly, "courts must place arbitration agreements on an equal footing with other contracts" and enforce them according to their terms. *Id.* However, "[a] matter should not be sent to arbitration unless there is a valid agreement to arbitrate and the underlying dispute falls within the scope of that agreement." *Northport Health Servs. of Ark., LLC v. Posey*, 930 F.3d 1027, 1030 (8th Cir. 2019) (quoting *Telectronics Pacing Sys., Inc. v. Guidant Corp.*, 143 F.3d 428, 433 (8th Cir. 1998)). "While 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[,] . . . a party who has not agreed to arbitrate a dispute cannot be forced to do so.'" *Id.* (quoting *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001)).

Before compelling arbitration, a district court must determine: "(1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement." *Robinson v. EOR-ARK, LLC,* 841 F.3d 781, 783–84 (8th Cir. 2016) (quoting *Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004)). The Court, rather than the arbitrator, decides these substantive questions of arbitrability unless the parties "clear[ly] and

3

unmistakabl[y]" delegated that issue to the arbitrator. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (citations omitted). Because "arbitration is simply a matter of contract," state-law contract principles govern the validity of an arbitration agreement. *Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015) (citations omitted). "If a valid and enforceable arbitration agreement exists under state-law contract principles, any dispute that falls within the scope of that agreement must be submitted to arbitration." *Id.* (citing *Faber*, 367 F.3d at 1052).

The Eighth Circuit has instructed that a motion to compel arbitration should be "analyzed under a standard akin to [a motion for] summary judgment." *Neb. Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 741 (8th Cir. 2014). Accordingly, the Court must view the evidence in the light most favorable to the non-moving party, resolving all factual disputes in their favor. *Id.* at 743. The Court may not compel arbitration where any genuine issue of material fact remains as to whether a valid arbitration agreement exists. *Id.*

**III.    Discussion**

When considering a motion to compel arbitration, the Court first determines whether a valid arbitration agreement exists and whether the claims at issue in the case fall within that agreement. *Robinson*, 841 F.3d at 783–84. The parties do not dispute the validity of the arbitration clause contained in their agreement. Instead, Paramount asserts that issues of "temporary injunctive relief" remain outstanding, and the contract permits a court, rather than an arbitrator, to decide them. Doc. 27 at p. 4; Doc. 1-1 at p. 7. Paramount argues that its "claims for temporary injunctive relief have not been resolved," because "ongoing discovery is targeted toward determining the extent to which additional injunctive relief is necessary on a temporary or preliminary basis." Doc. 27 at p. 4.

4

Missouri law requires the Court to give all provisions of the contract "their plain, ordinary meaning." *Care Ctr. of Kansas City v. Horton*, 173 S.W.3d 353, 355 (Mo. Ct. App. 2005); Doc. 1-1 at p. 6 (providing that Missouri law governs the contract).  Here, the arbitration clause provides that "[n]othing herein shall preclude a party from seeking temporary injunctive relief in a court of competent jurisdiction to prevent irreparable harm, pending any ruling obtained through arbitration. . ." Doc. 1-1 at p. 7.  This provision provides the right to seek a temporary restraining order in court while the arbitration progresses.  Ultimately, the claim at issue in the case is a claim for breach of the employment contract, and such a claim falls within the terms of the arbitration provision stating that "any dispute between the Parties concerning or arising out of their employment relationship or this Agreement . . . shall be resolved through binding arbitration."  Doc. 1-1 at p. 6.  While the Complaint references requests for a temporary restraining order, preliminary injunction, and permanent injunction, Doc. 1 at ¶ 49, in the agreed orders, Doc. 17 at ¶ 6; Doc. 23 at ¶ 6, Paramount stipulated to the withdrawal of its motion for a temporary restraining order and its motion for a preliminary injunction, the latter of which Paramount seems to consider a request for "temporary injunctive relief" within the meaning of the contract, though the Court need not decide that question.  Doc. 27 at p. 4; Doc. 1-1 at p. 7.  Because the plain language of the contract provides that a court may only consider an application for temporary injunctive relief and the Court has no such motion before it, the Court must compel arbitration.

Paramount argues, without authority, that enforcement of the contract's arbitration clause will result in prejudice to Paramount; Paramount, after all, authored the document, and the Court will not save Paramount from itself.  Paramount claims that compelling arbitration would allow Hominsky to escape discovery and vitiate Paramount's ability to secure future injunctive relief.

5

Doc. 27 at p. 6. Not so. American Arbitration Association Employment Arbitration Rule 9 provides that the arbitrator has the authority to order the discovery "necessary to a full and fair exploration of the issues in dispute." Am. Arbitration Ass'n, Emp't Arbitration Rules & Mediation Procedure 14 (2009). Further, an order compelling arbitration does not ipso facto limit the right of Paramount to seek future temporary injunctive relief.

Paramount asked the Court to award it attorneys' fees if it compels arbitration. Doc. 27 at pp. 8–9. As discussed, the parties may only come to court for "temporary injunctive relief . . . pending any ruling obtained through arbitration." Doc. 1-1 at p. 7. Paramount makes no argument that the Court could construe a fee award as "temporary injunctive relief"—a doubtful proposition; so, under the parties' agreement, awarding attorneys' fees falls within the province of the arbitrator. *See id*. at pp. 6–7.

When the Court compels arbitration, "[t]he [Federal Arbitration Act] generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3) (stating the district court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"). In *Green*, however, the Court recognized that district courts sometimes rely upon "a judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." *Id.* at 669–70. Because the Court has entered consent orders in this case and because Paramount retains the right to seek temporary injunctive relief should the circumstances warrant, the Court stays the action pending arbitration.

6

### IV. Conclusion

The Court grants Hominsky's [24] Motion to Compel Arbitration and stays this matter pending arbitration. The parties must provide a joint status report regarding the progress of arbitration proceedings no later than January 28, 2022, and must also submit a notice updating the Court no later than 10 days following the conclusion of arbitration proceedings.

The Court directs the Clerk of Court to administratively close this matter. The parties must continue to comply with all orders of the Court, provide status updates to the Court, and notify the Court of any development that may affect the stay of this matter.

So Ordered this 23rd day of December 2021.

*SLR. CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE